IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT ARCHIBALD, 32648-177,  )
        Petitioner, )
v. ) No. 3:07-CV-1672-K
  ) ECF
  )
DAVID BERKEBILE, )
        Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal inmate pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is presently incarcerated within the Federal Correctional Institution (FCI) located in Seagoville, Texas. The Warden of FCI Seagoville is the proper respondent. The court issued process in this case.[1]

Statement of Case: Petitioner claims that the Bureau of Prisons (BOP) has categorically

---

[1] Respondent argues that § 2241 provides no jurisdictional basis for this action because Petitioner is challenging where he should serve his sentence, not the fact or duration of his custody. This Court previously rejected Respondent's position in this same context and finds no basis to diverge from its prior decision. *See, e.g., Grote v. Berkebile*, 3:07cv0863-B, 2007 WL 4302933 (N.D. Tex. Dec. 5, 2007) (findings, conclusions and recommendation accepted by District Court); *Bell v. Berkebile*, No. 3:07cv1067-B, 2007 WL 3333196, *1-2 (N.D. Tex. Nov. 9, 2007) (same); *Mihailovich v. Berkebile*, No. 3:06cv1603-N, 2007 WL 942091, at *3-4 (N.D. Tex. Mar. 28, 2007) (same). Consequently, Petitioner has properly invoked § 2241 as a basis for this action.

denied him placement in a halfway house or Community Correction Center (CCC)[2], and he specifically challenges the BOP polices concerning such placement – namely 28 C.F.R. §§ 570.20, 570.21 and BOP Program Statements 7320.01 and 7310.04. (*See generally* Pet.). He seeks an order prohibiting Respondent from relying on 28 C.F.R. §§ 570.20 and 570.21 to deny him placement in a CCC. He also seeks immediate placement in a CCC.

In his answer, Respondent argues that the petition fails on its merits.[3] Petitioner filed a reply.

Findings and Conclusions: This Court previously addressed in detail all the issues raised in this case. *See Mihailovich v. Berkebile*, No. 3:06cv1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007); *Briggs v. Van Buren*, No. 4:06-CV-800-Y, 2007 WL 3019238 (N.D. Tex. Oct. 16, 2007); *Grote v. Berkebile*, 3:07-CV-863-B, 2007 WL 4302933 (N.D. Tex. Dec. 5, 2007). The parties provide no convincing reason to diverge from this Court's prior rulings, nor has the Court found any.[4] Consequently, the Court adopts its prior rulings as though fully set forth herein and finds as follows:

1. Under *Mihailovich*, *Briggs* and *Grote* the 2005 regulations as they relate to RRC placement -- namely 28 C.F.R. §§ 570.20 and 570.21 – are invalid because they do

---

[2] As of March 31, 2006, the BOP refers to halfway houses which were formerly titled "Community Corrections Centers" as "Residential Reentry Centers" (RRCs). Because much of the authority cited herein refers to halfway houses or CCCs, these terms will be used interchangeably with RRCs.

[3] Respondent does not dispute that Petitioner has exhausted his administrative remedies.

[4] In *Tischendorf v. Van Buren*, No. 4:07cv0273-A, 2007 WL 4269878 (N.D. Tex. Dec. 5, 2007), Judge John McBryde disagreed with this Court's prior holdings in *Mihailovich* and *Briggs*. The matter is presently on appeal.

>   not permit the BOP to consider the 18 U.S.C. § 3621(b) factors or RRC placement prior to the last ten percent of an inmate's sentence. *Grote v. Berkebile*, 3:07cv0863-B, 2007 WL 4302933, *6 (N.D. Tex. Dec. 5, 2007) (findings, conclusions and recommendation accepted by District Court).
>
> 2. As found in *Mihailovich*, the 2005 regulations do not alter the statutory scheme as it relates to placement in home confinement. In that context, the regulations are entirely consistent with 18 U.S.C. §§ 3621(b) and 3624(c). *Grote*, 3:07-CV-0863-B, 2007 WL 4302933, *7.
>
> 3. The Court finds no basis to invalidate Program Statement 7320.01 or 7310.04 or the alleged de facto policy that emerged from them. *Grote*, 3:07-CV-0863-B, 2007 WL 4302933, *7-8.

In light of the invalidity of the 2005 regulations (28 C.F.R. §§ 570.20 and 570.21), Petitioner is entitled to consideration for placement in an RRC consistent with 18 U.S.C. § 3621(b), and a limited injunction regarding Respondent's further use of the invalidated regulations against him.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court GRANT Petitioner's federal petition for writ of habeas corpus to the extent he seeks to invalidate 28 C.F.R. §§ 570.20 and 570.21 so as to obtain an individualized review of the five factors set out in 18 U.S.C. § 3621(b). The Court should order Respondent through the BOP to consider in good faith whether Petitioner should be transferred to an RRC considering the five factors set out in § 3621(b) as they relate individually to Petitioner without regard to the invalidated regulations, and that such consideration occur within a specific time frame after the acceptance of this recommendation.

The Court should otherwise DENY the instant federal petition for writ of habeas corpus.

Signed this 4th day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.